UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and CERTAIN LONDON MARKET INSURANCE COMPANIES,<br><br>                             Plaintiffs,<br><br>             v.<br><br>BASF CORPORATION, as alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation, INSURANCE COMPANY OF NORTH AMERICA, CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, HDI GLOBAL INSURANCE COMPANY, HDI GLOBAL SE, ACE AMERICAN INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, AIU INSURANCE COMPANY, MUNICH REINSURANCE AMERICA, INC. (f/k/a American Re-Insurance Company), LEXINGTON INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess and Surplus Insurance Company), AXA GROUP AG, AXA INSURANCE COMPANY, ZURICH INTERNATIONAL (Bermuda) LIMITED, ALLIANZ VERSICHERUNGS-AG, EVEREST REINSURANCE COMPANY (f/k/a Prudential Reinsurance Company), TIG INSURANCE COMPANY, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company), TWIN CITY FIRE INSURANCE COMPANY, NEW ENGLAND REINSURANCE CORPORATION, NATIONAL CASUALTY COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, RSA INSURANCE GROUP LIMITED, WESTPORT INSURANCE CORPORATION, and JOHN DOE INSURERS 1 – 50,<br><br>                             Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, County of New York (Index No. forthcoming) |

## DEFENDANT BASF CORPORATION'S NOTICE OF REMOVAL

Defendant BASF Corporation, by and through its undersigned counsel, hereby files this Notice of Removal from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## THE REMOVED ACTION

1. On March 4, 2024, Plaintiffs Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies commenced the above-captioned action against BASF Corporation, Insurance Company of North America, Central National Insurance Company of Omaha, HDI Global Insurance Company, HDI Global SE, ACE American Insurance Company, Travelers Casualty and Surey Company (f/k/a/ Aetna Casualty and Surety Company), Allianz Global Risks US Insurance Company, First State Insurance Company, AIU Insurance Company, Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company), Lexington Insurance Company, Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company), AXA Group AG, AXA Insurance Company, Zurich International (Bermuda) Limited, Allianz Versicherungs-AG, Everest Reinsurance Company (f/k/a/ Prudential Reinsurance Company), TIG Insurance Company, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a/ Gibraltar Casualty Company), Twin City Fire Insurance Company, New England Reinsurance Corporation, National Casualty Company, Employers Mutual Casualty Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, Interstate Fire & Casualty Company, national Union Fire Insurance Company of Pittsburgh, PA, RSA Insurance Group Limited, Westport Insurance Corporation, and John Doe Insurers 1 – 50, by filing a Summons and Complaint in the Supreme Court of the State of New

York, County of New York, Index No. forthcoming (the "Complaint" or the "Second-Filed Action"). Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

2. The Second-Filed Action is an insurance coverage case where Plaintiffs seek declaratory relief and allege that no insurance coverage is owed to BASF Corporation under excess general liability insurance policies issued to BASF Corporation's predecessor-in-interest Ciba-Geigy Corporation. These insurance policies provide insurance coverage for bodily injury, personal injury, and property damage taking place during the following policy periods: April 1, 1976, to April 1, 1986 and for claims that were made during the December 31, 2007, to December 31, 2008 period (collectively the "Insurance Policies"). The underlying actions for which BASF Corporation seeks insurance coverage involve nationwide bodily injury, personal injury, and property damage claims arising from Ciba-Geigy Corporation's manufacturing of the surfactant Lodyne, which contains chemicals known as per- and polyfluoroalkyl substances ("PFAS") and was used *inter alia,* in connection with the manufacture of certain firefighting products known as Aqueous Film-Forming Foams ("AFFF"). The underlying actions (the "AFFF Lawsuits") seek to hold BASF Corporation legally liable. Many of these AFFF Lawsuits are currently pending before the United States District Court for the District of South Carolina in the AFFF Multi-District Litigation, Docket No. 2:18-2873(RMG) (the "MDL").

3. There is already a parallel insurance coverage action that BASF Corporation filed on February 27, 2024, pursuing insurance coverage from a majority of the insurers named as Defendants in the Second-Filed Action, for the AFFF Lawsuits. That action is currently pending in the United States District Court for the District of South Carolina, Docket No. 2:24-cv-993-

RMG (the "First-Filed Action"). The First-Filed Action, and the Second-Filed Action, involve substantially the same insurance policies and the same AFFF Lawsuits.

4. No Defendant has been served in the Second-Filed Action pending in the Supreme Court of the State of New York, New York County. Plaintiffs' Complaint in the Second-Filed Action was filed on March 4, 2024, and was received by BASF Corporation through an online notification that same day. This Removal, therefore, has been filed within 30 days of receipt of the Complaint by BASF Corporation, as required by 28 U.S.C. § 1446(b). BASF Corporation has not previously filed a Notice of Removal of this matter in this Court.

5. No pleadings other than the Complaint have been filed in the Second-Filed Action, and no proceedings have occurred in the Second-Filed Action.

## GROUNDS FOR REMOVAL

6. Under 28 U.S.C. § 1332, this Court has original jurisdiction over the Second-Filed Action. As explained below, there is complete diversity between the parties and the amount in controversy exceeds $75,000. Thus, removal is proper pursuant to 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP EXISTS

7. Diversity exists when a suit is between corporations of different states or between corporations of a state and corporations of a foreign state. 28 U.S.C. § 1332 (a)(1)–(3).

8. Based on Plaintiffs' allegations in the Complaint in the Second-Filed Action, there is complete diversity of citizenship between all Plaintiffs and all Defendants.

   a. Plaintiffs are alleged to be "all foreign corporations." (Exhibit A at paragraphs 8, 9).

   b. BASF Corporation is a Delaware corporation with its principal place of business in New Jersey. (Exhibit A at paragraph 15).

    c. All other Defendants are alleged to be citizens of various states, or foreign countries. (Exhibit A at paragraphs 18-45); 28 U.S. Code § 1332(c)1 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *see Bank of New York v. Bank of Am.*, 861 F. Supp. 225, 229 (S.D.N.Y. 1994) ("For diversity purposes, an alien is an alien is an alien. Thus, the fact that aliens on opposite sides of a case hail from the same country has no bearing on the existence of diversity.")

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9. Plaintiffs allege they owe no coverage under the Insurance Policies. The amount of insurance coverage in dispute involves hundreds of millions of dollars in insurance policy limits, including at least 30 million dollars in policy limits under insurance policies issued by Plaintiffs. Further, the underlying actions involve claimed damages in excess of hundreds of millions of dollars which are subject to coverage under the Insurance Policies identified in the Complaint in the Second-Filed Action.

10. Plaintiffs' claims therefore exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## **REMOVAL IS PROPER BECAUSE NO FORUM DEFENDANT HAS BEEN SERVED WITH PROCESS**

11. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of New York, the state in which this action was brought (a "forum defendant"). *See* 28 U.S.C. § 1441(b) (providing that non-federal question cases "shall be removable only if none of the parties in interest properly

*joined and served* as defendants is a citizen of the State in which the action is brought") (emphasis added).

12.  Here, no defendant identified as a "forum defendant" has been served. Removal is proper where there is complete diversity, but no forum defendant has been served. Courts, particularly in this District, apply the plain language of the removal statute to permit removal of an action prior to proper service of a forum defendant. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

## REMOVAL IS OTHERWISE PROPER

13.  Removal to this District is proper because the Second-Filed Action was venued in the Supreme Court for the State of New York, New York County, which is within the Southern District of New York. 28 U.S.C. §§ 1441(a), 1446(a).

14.  Pursuant to 28 U.S.C. § 1446(d), BASF Corporation shall give Plaintiffs written notice of the filing of this Notice of Removal as soon as practicable.

15.  Pursuant to 28 U.S.C. § 1446(d), BASF Corporation shall file the written notice of the filing of this Notice of Removal of the Second-Filed Action with the Supreme Court for the State of New York, New York County, upon receipt of index number or as soon as practicable, attaching as an exhibit thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, BASF Corporation hereby gives notice that the Second-Filed Action, formerly pending in the Supreme Court of New York, New York County has been removed to the United States District Court for the Southern District of New York.

Dated: March 5, 2024                    Respectfully Submitted,

/s/ Lynda A. Bennett

Lynda A. Bennett
Eric Jesse
Heather Weaver
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700
lbennett@lowenstein.com
ejesse@lowenstein.com
hweaver@lowenstein.com

*Attorneys for BASF Corporation*