

**Lynda A. Bennett**
Partner
Chair, Insurance Recovery Practice

1251 Avenue of the Americas
New York, New York 10020

T: (973) 597-6338
M: (908) 693-1704
E: lbennett@lowenstein.com

October 18, 2024

**VIA ECF**

The Honorable Richard M. Gergel, U.S.D.J.
United States District Court for the
District of South Carolina
J. Waites Waring Judicial Center
83 Meeting Street
Charleston, South Carolina 29401

Re:   *BASF Corporation v. AIU Insurance Company*, No. 2:24-cv-00993-RMG (the "First Filed Action"); and

*Certain Underwriters at Lloyd's London v. BASF Corporation*, No. 2:24-cv-04325 (the "London Action")

Dear Judge Gergel:

This firm represents BASF Corporation ("BASF"), as successor in interest to Ciba Corporation, in the litigation pertaining to BASF's insurance coverage pending before this Court. I write: (i) in response to the October 4, 2024 Rule 7.1 Statement and related letter filed by Plaintiffs Certain Underwriters at Lloyd's, London ("Lloyd's, London") and Certain London Market Companies (the "London Companies," together with Lloyd's, London, the "London Insurers"), (ECF Nos. 115, 116); (ii) in opposition to the London Insurers' renewed request to remand this action to state court based on their purported discovery of two names in Lloyd's, London Syndicate 190 that share New York citizenship with five defendant insurers in this action, but not BASF; and (iii) to confirm with this Court that the Telephone Status Conference scheduled for November 13, 2024 at 10:00 a.m., (ECF No. 143, Dkt. No. 2:24-cv-993), also applies to parties to the London Action.

The London Insurers' limited, self-interested disclosures and renewed request to remand are more gamesmanship in their continuing effort to challenge federal subject matter jurisdiction. However, those disclosures do not change the reasons why this Court has jurisdiction for this matter. Indeed, in the London Insurers' haste to argue that Lloyd's, London shares citizenship with Defendants AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire, and AXA Insurance Company

Honorable Richard M. Gergel  October 18, 2024
Page 2

(now known as Coliseum Reinsurance Company), they claim that they should be excused from identifying any of the other thousands of names that are members of Lloyd's, London's syndicates because those other names have no material relevance to this lawsuit. That is because the London Insurers assert that it would be burdensome for them to provide full disclosure, notwithstanding that Lloyd's, London purports to still assert claims on behalf of those names in this action. That does not satisfy the London Insurers' disclosure obligations under Rule 7.1(a)(2), nor does it change any of the reasons why this Court should deny the London Insurers motion to remand that BASF previously argued to this Court, (ECF No. 23).

"It is an open question in the United States Court of Appeals for the Fourth Circuit as to how to treat 'Certain Underwriters at Lloyd's, London' for diversity purposes." *Brink's Co. v. Chubb Eur. Grp. Ltd.*, No. 3:20-CV-520, 2020 WL 6829870, at *3 (E.D. Va. Nov. 20, 2020). And taking at face value the London Insurers' representation that there are thousands of names that subscribed to the underlying policies at issue—names that the London Insurers do not know and apparently are unwilling to uncover—this is a scenario where the diversity analysis should be based on the citizenship of the lead underwriters that are purportedly driving this action on behalf of the respective syndicates. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). The London Insurers should therefore be required to make corresponding disclosures about those lead names so that the parties have the correct lens for presenting their diversity arguments to this Court. That cannot be done based on the two cherry-picked names the London Insurers have offered to this Court, with incomplete information as to what role they play with respect to the syndicates.

To put the London Insurers' latest attempt to escape federal jurisdiction in perspective, it has been seven months since they filed this action. All the while, the London Insurers have urged this Court to have BASF shoulder the burden of establishing their citizenship, notwithstanding that Rule 7.1(a)(2) requires the London Insurers to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to" them. Because the London Insurers' argument has not resulted in their desired remand, the London Insurers are now trying a different approach. They now admit that, from the outset, they have known that it would be near impossible for entities outside their organization to identify or locate the thousands of names that subscribed to the eight Lloyd's, London syndicates that are plaintiffs in this action, and allege that they themselves "cannot identify the current citizenship of each of the Names in question." (ECF No. 116 at 2.) At the same time, however, the London Insurers claim that they have stumbled across two names in the proverbial haystack of 2,815 members of Syndicate 190 that just so happen allegedly to have New York citizenship, and proffer those names under Rule 7.1 to challenge subject matter jurisdiction. (*Id.*)

But even if the two names they disclosed are New York citizens (an alleged fact yet to be proven) and lead underwriters for Syndicate 190 (a fact yet unknown), the London Insurers'



Honorable Richard M. Gergel  October 18, 2024
Page 3

disclosures do not prevent this Court from making the determination that complete diversity exists because: (i) for purposes of determining diversity, this Court is required to analyze diversity from the perspective of the real parties to the controversy (the London Insurers and BASF), and the London Insurers have not identified any name with New Jersey or Delaware citizenship like BASF; and (ii) this Court may alternatively dismiss the five defendant insurers to this action with New York citizenship as dispensable parties under Rule 21.

Indeed, the London Insurers have no principled argument against this Court focusing its diversity analysis on the citizenship of the London Insurers and BASF. The London Insurers apparently preferred a federal forum for their dispute with BASF but elected not to pursue that avenue based on concerns that the purported absence of information about their citizenship might impact "their burden in establishing complete diversity." (ECF No. 116 at 2.) And even if this Court were to expand the diversity analysis to the defendant insurers, this Court can dismiss those insurers with New York citizenship —*i.e.*, AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire, and Coliseum Reinsurance Company—from this action under Rule 21 and still have a comprehensive slate of insurers before it in the District of South Carolina forum that the Judicial Panel on Multidistrict Litigation ("JPML") has directed is most efficient for adjudicating BASF's coverage claims. AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, and National Union Fire are parties to the First Filed Action before this Court. (*See* Ex. B (following dismissal, between the First Filed Action and the London Action, 38 of the 39 insurers from which BASF is seeking coverage for AFFF lawsuits would be before this Court).) And Coliseum, the only insurer that would no longer be part of a District of South Carlina proceeding after dismissal, can be impleaded as a third-party defendant in this action should this Court agree that there is federal subject matter jurisdiction—a result the London Insurers should have no issue with given their admission that BASF is the true plaintiff in its various coverage actions.

Indeed, the London Insurers' disclosure of the New York names is merely their latest change in position on whether any of the defendant insurers is relevant to determining federal subject matter jurisdiction. That pattern of shifting positions began after the JPML ruled on August 1, 2024 that this action should be transferred to the AFFF MDL. (ECF No. 66.) Prior to that ruling, the London Insurers disputed BASF's argument that diversity must be examined from the perspective of the London Insurers and BASF and that the other defendant insurers can be disregarded or dismissed as dispensable parties to preserve subject matter jurisdiction. After the JPML entered its transfer ruling, however, the London Insurers changed course and urged this Court to alter the fundamental structure of their Complaint and make all defendant insurers plaintiffs against BASF. (ECF Nos. 72, 74.) In doing so, the London Insurers conceded BASF's point that BASF is the true plaintiff in these AFFF coverage proceedings and that the



London Insurers' purported claims against the other defendant insurers are nominal as compared to their dispute with BASF.

The London Insurers are now attempting to walk back their concession that their citizenship need not be compared to the other defendant insurers because on September 23, 2024 a stay was entered in a related coverage action in New Jersey for AFFF lawsuits, captioned *BASF Corporation v. Ace American Insurance Company*, No. MID-L-1648-24 (N.J. Super. Ct. Law Div.) (the "New Jersey Action"). During the hearing on BASF's motion to stay the New Jersey Action, BASF's insurers confirmed that they have no issue with adjudicating AFFF coverage matters before Your Honor but are concerned that they will become one of the many cases that are part of this Court's AFFF docket and have to wait to take discovery. (Ex. A at 21:6-23, 23:16-24:2-3.) Accordingly, the New Jersey court temporarily stayed the New Jersey Action pending further developments on the First Filed Action and the London Action. (*Id.* at 30:21-25, 45:5-10, 46:20, 53:7-13, 56:9-17, 58:9-13.) The London Insurers participated in that hearing as "observ[ers]," (*id.* at 9:16-21), and then attempted a new strategy to bolster their flawed arguments for remanding this action—disclosing only two names that purportedly share New York citizenship with certain insurers, not BASF, among potentially tens of thousands of names in the eight Lloyd's, London's syndicates that are parties to this action.

But again, it is a comparison of the citizenship between the London Insurers and BASF that matters. And Rule 21 is an alternative tool at this Court's disposal for finding that subject matter jurisdiction exists.

Finally, even if the London Insurers could dredge up a name with New Jersey or Delaware citizenship, because the London Insurers have admitted that the unknown names behind Lloyd's, London's syndicates are irrelevant, this Court would be well within its discretion to abandon the legal fiction that any names that subscribed to Lloyd's, London's policies decades ago should dictate whether this action should proceed in federal court and convert this action to a class action under CAFA. (ECF No. 23 at 15-19); *Certain Underwriters at Lloyd's of London v. Illinois Nat. Ins. Co.*, No. 09 CIV. 4418, 2012 WL 4471564, at *5-7 (S.D.N.Y. Sept. 24, 2012). As a result of such conversion, Lloyd's, London's citizenship would be deemed to be the United Kingdom and there would be minimal diversity between Lloyd's, London and the various defendants sufficient to preserve federal subject matter jurisdiction. And doing so will ensure that any rulings entered are binding on all of Lloyd's, London's syndicates. Moreover, having this action proceed as a class action in which certain lead names represent other unknown syndicate members is wholly consistent with how Lloyd's, London is presently litigating this action.

*  *  *



Honorable Richard M. Gergel October 18, 2024
Page 5

BASF thanks this Court for its continued attention to these actions, and looks forward to meeting with Your Honor during the upcoming November 13, 2024 Telephone Status Conference.

Respectfully submitted,

*Lynda Bennett*

Lynda A. Bennett

Enclosure(s)

cc: Counsel of Record *(via ECF)*

